# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00105-CR

**Jerome Lomax, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
## NO. 56523, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Jerome Lomax pleaded guilty to possessing more than four grams of cocaine with intent to deliver. *See* Tex. Health & Safety Code Ann. § 481.112(a), (d) (West 2003). The court sentenced him to thirty years in prison.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573

S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant received a copy of counsel's brief and was advised of his right to examine the appellate record and to file a pro se brief.

Appellant filed a pro se brief asserting four points of error. Appellant contends his trial counsel was ineffective because he did not adequately investigate the facts of the case, did not call favorable witnesses, and did not introduce exculpatory evidence. He asserts that his guilty plea was involuntary because his attorney promised him that he would receive probation. And he claims that the evidence against him was seized during an unlawful search. Each of these contentions is based on factual assertions that are not supported by the record before us.

Appellant's final pro se point is that he was guilty of only a third-degree felony because he possessed only 1.5 grams of pure cocaine. He asserts that the remaining weight of the substance was attributable to byproducts of the manufacturing process and should not have been considered. The opinions on which appellant relies were decided before the legislature defined adulterants and dilutants. *See* Tex. Health & Safety Code Ann. § 481.002(49) (West Supp. 2004-05). Under this definition, any material that increases the bulk or quantity of the controlled substance is an adulterant or dilutant. *See Williams v. State*, 936 S.W.2d 399, 405 (Tex. App.—Fort Worth 1996, pet. ref'd).

We have reviewed the record, counsel's brief, and the pro se brief. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

2

The judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   August 17, 2005

Do Not Publish